UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVE HARRISON,              ) | |
| )                           | |
| Plaintiff,                  ) | |
| )                           | |
| v.                          ) | Civil Action No. 04-1192 (RCL) |
| )                           | |
| EXECUTIVE OFFICE FOR UNITED ) | |
| STATES ATTORNEYS,           ) | |
| )                           | |
| Defendant.                  ) | |
| )                           | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff challenges the disposition of his FOIA request by the Executive Office for United States Attorneys ("EOUSA"). Defendant has filed a motion for summary judgment. Plaintiff has filed an opposition to Defendant's motion and a motion for summary judgment. Based on the undisputed facts, the applicable law, and the parties' submissions, the Court will grant the Defendant's motion.

**Background**

On September 4, 2001, plaintiff sent a FOIA request to the United States Attorney's Office for the Southern District of California ("USAO/SDCA"). Defendant's Motion for Summary Judgment ("Deft's Mot."), Declaration of Mary Beth Uitti ("Uitti Decl."), Exhibit ("Ex.") A. Plaintiff requested the following information:

1

> From January, 1985, until Larry A. Burns became a magistrate judge, I request a comprehensive list of every case, to include (1) case caption and number; (2) name of parties; (3) name of court; (4) name of the judge presiding over the case; and (5) name(s) and address(es) of defense counsel; prosecuted by Burns (A) for the federal government in his capacity as an Assistant U.S. Attorney, and (B) for the State of California in his capacity as Special Prosecutor (or under any designation).

*Id.*

Mr. Burns was an Assistant United States Attorney with the USAO/SDCA from 1985 to 1997 and a San Diego County District Attorney from 1979 to 1985. Uitti Decl., ¶ 5.

At the direction of the EOUSA, the USAO/SDCA searched for records responsive to plaintiff's request. *Id.*, ¶ 8. On November 5, 2003, in response to plaintiff's request, the EOUSA sent 32 pages in part. *Id.*, Ex. E & F. The EOUSA informed plaintiff that pursuant to Exemption 7 (C) of the FOIA and the Privacy Act, 5 U.S.C. § 552a(j)(2), it had redacted the pages of the following information: court number; case number; name of participant; name and address of opposing attorney; USAO Matter Number, case initiation date; disposition date; and sentencing date. Uitti Decl., Ex E. & Ex. F.

Plaintiff appealed the EOUSA's decision to the Office of Information and Privacy ("OIP"). Plaintiff's Opposition to Deft's Mot. ("Pl's Opp."), Ex. C. On February 27, 2004, OIP affirmed EOUSA's decision. Uitti Decl., Ex. I.

**Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.

56 (c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See id.; Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

FOIA cases are typically and appropriately decided on motions for summary judgment.

*Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F.Supp. 477, 481 n. 13 (D.D.C. 1980). In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Agency affidavits or declarations must be "relatively detailed and non-conclusory . . ." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents." *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

**Discussion**

*Adequacy of the Search*

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg*

*v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id*. at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg v. DOJ*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1987).

In response to plaintiff's request, the USAO/SDCA searched for all cases that had been handled by Larry Burns as an Assistant United States Attorney and as a Special Assistant United States Attorney, a designation given to state prosecutors who handle cases for the USAO/SDCA. Uitti Decl., ¶ 8. Sheila Knight, an employee of the USAO/SDCA's case management system, searched two databases, the Legal Information Office Network System ("LIONS") and the Tracking Assistance Legal Office Network ("TALON"). *Id.*, ¶ 9. LIONS is the computerized record-keeping

system maintained in each of the United States Attorney's Offices. *Id.* LIONS tracks criminal and civil investigations and cases, including whether prosecutions have been initiated or declined and all charges against an individual. *Id.* The TALON system tracks debt collections matters, including fines, assessments and restitution orders imposed as part of a criminal case. *Id.*

The USAO/SDCA searched these databases using the terms "Larry Burns" and "LAB." *Id.*, ¶ 10. The search yielded a nine-page list of cases. *Id.*, ¶ 11. EOUSA made an additional search in the Prosecutor's Management Information System ("PROMIS"), the computer case tracking system used by the USAO/SDCA prior to 1997. *Id.*, ¶ 12. That search generated an additional 25 page list of cases prosecuted by Mr. Burns during the time-frame of plaintiff's request. *Id.*, ¶ 13.

It is apparent from the declaration submitted by the EOUSA that it has made a "good faith effort to conduct a search for the requested records, using methods which reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996)(citing *Oglesby*, 920 F.2d at 68). As such, the search for Plaintiff's requested records was adequate to fulfill Defendant's obligations under the FOIA.

*Exemption 7 (C)*

The EOUSA withheld certain information in the records provided to Plaintiff under the authority of Exemption 7 (C) of the FOIA. That exemption protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of the individual mentioned in the record against the public's interest in

disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984). It is the "interest of the general public, and not that of the private litigant" that the court considers in this analysis. *Brown v. FBI*, 658 F.2d 71, 75 (2d Cir.1981) (citing *Ditlow v. Shultz*, 517 F.2d 166, 171-72 (D.C. Cir.1975)). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). Once a privacy interest is identified under Exemption 7 (C), the FOIA records requestor must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest. *Favish*, 541 U.S. 157, 172 (2004). The requestor must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred. *Id.* at 174. The privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial." *SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

The EOUSA invokes Exemption 7 (C) to protect the identities of criminal defendants, targets of criminal investigations, and their attorneys. Uitti Decl., ¶ 19. The EOUSA asserts that disclosure of this information would violate the privacy rights of third-parties and could result in subjecting them to harassment or unwanted exposure and embarrassment. *Id.,* ¶ 21. Moreover, Plaintiff did not provide the EOUSA with third-party authorizations consenting to the release of the redacted information. *Id.*, ¶ 22.

The names and identities of individuals of investigatory interest to law enforcement agencies and those merely mentioned in law enforcement files have been consistently protected from

disclosure for the reasons Defendant asserts here. *See Perrone v. FBI*, 908 F.Supp. 24, 26 (D.D.C. 1995) (citing *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. at 779); *Baez v. Dep't of Justice*, 647 F.2d 1328, 1338 (D.C. Cir. 1980); *Branch v. FBI*, 658 F.Supp. 204, 209 (D.D.C. 1987). "Exemption 7 (C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity." *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (quoting *Dunkelberger v. Dep't of Justice*, 906 F.2d 779, 781 (D.C.Cir.1990)) (other citation and internal quotation marks omitted); *see also Computer Professionals for Social Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall within the scope of Exemption 7(C)").

Plaintiff argues that the case captions, the names and addresses of those prosecuted, and the identities of the attorneys are not exempt from disclosure because such information could be obtained through a search of the records of the state and federal courts. In cases involving personal data on private citizens in law enforcement records, " the privacy interest … is at its apex." *Reporters Committee*, 489 U.S. at 780. For that reason, the categorical withholding of information identifying third parties in law enforcement records is ordinarily exempt from disclosure. *See SafeCard Services*, 926 F.2d at 1206. The fact that there might have been prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. *See Favish*, 541 U.S. at 171; *Kimberlin v. Dep' t of Justice*, 139 F.3d 944, 949 (D.C. Cir.), *cert. denied*, 525 U.S. U.S. 891 (1998); *Edmonds v. FBI*, 272 F.Supp. 2d 35, 53 (D.D.C. 2000).

The Supreme Court has recognized that a strong policy interest inheres in the non-disclosure of compiled computerized information. *See Reporters Committee*, 489 U.S. at 766. As the Court noted "there is a vast difference between public records that might be found after a diligent search of courthouse files, county archives, and local police stations ... and a computerized summary located in a single clearinghouse of information." *Id.* at 764. That principle applies here. Although some of the redacted information plaintiff seeks may be a matter of public record, the "power of compilations" outstrip the "combined power of bits of information contain within." *See id.*

Defendant has proffered a legitimate individual privacy interest in non-disclosure. Conversely, Plaintiff has not identified a public benefit to disclosure. The Court concludes that the EOUSA properly invoked Exemption 7(C).

*Segregability*

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b). A Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n. 4 (D.C. Cir. 1991) (quoting *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

In its declaration, the EOUSA states that each document was reviewed on a line-by-line basis. Uitti Decl., ¶ 23. The EOUSA only redacted the names and identifying information concerning private third parties. *Id.* None of the responsive documents were withheld by the EOUSA in full.

*Id.*

Having reviewed the declaration the Court concludes that the EOUSA withheld only the portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released. With respect to these records, the agency declarations and attachments adequately specify "in detail which portions of the document[s] are disclosable and which are allegedly exempt." *Vaughn*, 484 F.2d at 827.

## Conclusion

Based on the foregoing, the Court will grant summary judgment favor of defendant. An appropriate order accompanies this Memorandum Opinion.


Signed by Royce C. Lamberth, United States District Judge, July 13, 2005.